IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| J & V ENTERPRISE, §<br>    Plaintiff, §<br>§<br>v. §<br>§<br>STAR INSURANCE COMPANY, §<br>    Defendant. §<br>§ | CIVIL ACTION NO. 2:21-cv-00009 |

**DEFENDANT STAR INSURANCE COMPANY'S
NOTICE OF REMOVAL**

**TO THE HONORABLE COURT:**

Pursuant to 28 U.S. C. §§ 1332, 1441, and 1446(a), Defendant Star Insurance Company ("Defendant") files this Notice of Removal and respectfully shows that diversity subject-matter jurisdictions exists and removal is timely.

**I.
BACKGROUND FACTS**

1. This lawsuit arises out of an insurance coverage dispute regarding windstorm and/or hail damage. Plaintiff alleges that its property sustained hail damage in excess of $250,000.00 and an insufficient payment was made for repairs to the subject property. *See* Plaintiff's First Amended Petition, at pp. 2-3. Plaintiff alleges several causes of action, including breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and common law fraud. *Id*. at pp. 7-11.

2. Although Plaintiff originally sued United Specialty Insurance Company ("United"), Defendant entered an appearance in this matter, citing that United was incorrectly

named as a party. *See* Defendant's Original Answer, at p.1. This basis for this assertion lies in the following facts:

    a. Defendant and United are parties to a Quota Share Agreement whereby Star has agreed to assume and be liable for and pay on behalf of United 100% of all losses, costs, expenses, and fees under certain United policies, including the subject insurance policy. Affidavit of Susan Hoobler, at ¶ 3, attached hereto as Exhibit "A."

    b. Pursuant to the Quota Share Agreement between Star and United, Star would be responsible for paying out any obligations owed under the subject insurance policy with Plaintiff. Exhibit A, at ¶ 4.

    c. Because of this obligation on Star, Star would ultimately be responsible for judgment(s), if any, entered against United and in favor of J&V Enterprise with respect to the subject policy. Exhibit A, at ¶ 5.

## II.
## TIMELINESS OF REMOVAL

3. On February 3, 2021, Plaintiff filed its First Amended Petition[1] styled *J&V Enterprise v. United Specialty Insurance Company*, Cause No. 2020-0234-CIV in the 63rd Judicial District Court, Val Verde County, Texas ("Underlying Lawsuit"). *See* Plaintiff's First Amended Petition. Upon information and belief, the court for the Underlying Lawsuit sent this matter for service via certified mail on or about February 9, 2021. However, Defendant only received notice of the lawsuit on or about February 25, 2021.

4. Defendant files this Notice of Removal within the thirty-day time period imposed by 28 U.S.C. § 1446(b). Accordingly, this Notice of Removal is timely.

---

[1] Upon information and belief, Plaintiff previously filed its Original Petition on December 18, 2020, but neither United nor Defendant were served with same or had notice of the lawsuit.

## III.
## DIVERSITY OF CITIZENSHIP

5. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Plaintiff is a limited liability company organized and existing in the state of Texas and is based out of Smith County, Texas.  A limited liability company is assigned the citizenship of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Upon information and belief, Plaintiff's limited liability company members are citizens of the State of Texas and are not citizens of Michigan.

7. Defendant is an insurance company organized and existing under the laws of the state of Michigan and having its principal place of business in Michigan. Defendant is not a citizen of Texas.

8. Based upon the foregoing, the parties are completely diverse within the meaning of 28 U.S.C. § 1332.

## IV.
## VENUE IS PROPER

9. Venue in this district is proper under 28 U.S.C. §§ 124(a)(2) and 1446(a) because the Western District of Texas, Del Rio Division, encompasses Val Verde County, Texas and is "the district and division embracing the place where such action is pending."

## V.
## AMOUNT IN CONTROVERSY

10. Plaintiff alleges that it incurred wind and/or hail damage in excess of $250,000.00 and seeks to recover its damages.  *See* Plaintiff's First Amended Petition ¶¶ 4, 61-70, and Prayer for Relief (1-8).  Therefore, because the amount in controversy exceeds the $75,000.00 threshold

required to invoke this Court's jurisdiction, removal is proper. 28 U.S.C. § 1332(a); *see St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277 (1936) (holding allegation in pleading is sufficient to establish amount in controversy).

## VI.
## THIS NOTICE IS PROCEDURALLY CORRECT

11. Pursuant to 28 U.S.C. § 1446(a), the Plaintiff's First Amended Petition, as well as the citation for service sent to Defendant, is included in the index attached hereto as Exhibit B.

12. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

13. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant files this Notice of Removal, a true and correct copy will be filed with the Clerk of the Val Verde County District Court, the state court from which this action was removed.

14. Attached to this Notice of Removal are the following documents required by 28 U.S.C. § 1446(a):

   (1) Index of all documents filed in the State Court Action (Exhibit B);

   (2) Docket Sheet in the State Court Action (Exhibit C);

   (3) Copies of all Pleadings, Process, and Orders filed in the State Court Action (Exhibit D).

15. Defendant is concurrently filing with the Notice of Removal: (1) a completed Civil Cover Sheet and (2) a Certificate of Interested Persons.

16. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

17. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 63rd Judicial District Court, Val Verde County, Texas, where this matter was pending under Cause No. 2020-0234-CIV, in a matter styled *J&V Enterprise v. United Specialty Insurance Company*.

18. A jury trial has been demanded in the State Court Action by Plaintiff.

19. Trial has not commenced in the 63rd Judicial District Court, Val Verde County, Texas.

## VII.
## CONCLUSION

20. This notice was filed timely. The amount in controversy exceeds $75,000.00. Complete diversity of citizenship exists between Plaintiff and Defendant. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, the action is properly removed pursuant to 28 U.S.C. § 1441.

21. Defendant Star Insurance Company respectfully requests that the United States District Court for the Western District of Texas, Del Rio Division, accept and file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: */s/ Robert J. Witmeyer*
     **R. BRENT COOPER**
     Texas State Bar No. 04783250
     Email: Brent.Cooper@cooperscully.com
     **ROBERT J. WITMEYER**
     Texas Bar No. 24091174
     Email: Rob.Witmeyer@cooperscully.com

     Founders Square
     900 Jackson, Suite 100
     Dallas, TX 75202
     (214) 712-9500
     (214) 712-9540 (fax)

**ATTORNEYS FOR DEFENDANT,
STAR INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of March, 2021, a true and correct copy of the foregoing document was served on counsel of record *via* electronic mail, and/or using the Court's ECF filing service:

Shaun W. Hodge
shodge@hodgefirm.com
**THE HODGE LAW FIRM, PLLC**
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
(409) 762-5000 Telephone
(409) 763-2300 Facsimile

     */s/ Robert J. Witmeyer*
     **ROBERT J. WITMEYER**