Filed 12/18/2020 1:44 PM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Angelica Cortez

**EXHIBIT D - Page 1**

CAUSE NO. **2020-0234-CIV**

| | | |
|---|---|---|
| **J & V ENTERPRISE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **63RD** **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **UNITED SPECIALTY INSURANCE** | § | |
| **COMPANY** | § | |
| | § | **VAL VERDE COUNTY, TEXAS** |
| *Defendant* | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, J & V ENTERPRISE. (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of UNITED SPECIALTY INSURANCE COMPANY ("Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.  Plaintiff, J & V ENTERPRISES., is a domestic limited liability company based in Smith County, Texas.

3.  Defendant, UNITED SPECIALTY INSURANCE COMPANY, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of

EXHIBIT D - Page 2

insurance in the State of Texas.  Defendant may be served with process by serving its President, Mr. Matthew Freeman, or any other Director or Officer at its corporate office located at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $250,000.00, but less than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

5.      The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6.      Venue is proper in Val Verde County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.      Plaintiff is the owner of Texas insurance policy USA4265825 (hereinafter the "Policy"), which was issued by Defendant.

8.      Plaintiff own the insured property, which is specifically located at 301 Margaret Lane, Del Rio, Texas (hereinafter the "Property").

9.      Defendant sold the Policy insuring the Property to Plaintiff.

10.     On or about April 11th, 2020, a wind/hailstorm caused extensive damage to the insured Property.

11.     Plaintiff submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the storm event.  Upon information and belief, Defendant assigned number 33-021260 to the claim.

---

12.     Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13.     Defendant inspected the property and issued an insufficient payment in the amount of $13,468.73 to Plaintiff for the damages.

14.     On August 12, 2020, Defendant requested an opportunity to re-inspect the Property. Said request was granted and the re-inspection took place on September 28, 2020.

15.     Based upon this investigation and reinspection of the property, Defendant admitted liability for an additional $68,548.63 worth of damage and rendered a check for the aforementioned amount.

16.     Defendant, on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

17.     Defendant set about to deny and/or underpay on properly covered damages.  As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted.   The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiff have yet to receive the full payment to which they are entitled under the Policy.

18.     As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, Defendant underpaid some of Plaintiff's claims by not

providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

19.     To date, Defendant continues to delay in the payment for the damages to the property.  As such, Plaintiff have not been paid in full for the damages to the Property.

20.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

21.     Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

22.     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

23.     Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any

or adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24.   Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

25.   Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

26.   Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27.   Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a

violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

31.     As a result of Defendant's wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

32.    Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

33.    The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

34.    Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

35.    Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

36.    The Defendant's breach proximately caused Plaintiff's injuries and damages.

37.    All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

38.    Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

39.    Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

40.     Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

41.     Defendant's unfair settlement practices, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

42.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

43.     Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

44.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

45.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice.  The Defendant is liable for the Claim.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

46.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

47.     Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

48.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

49.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## <u>BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING</u>

50.     The Defendant breached the common law duty of good faith and fair dealing owed to

Plaintiff by denying or delaying payment on the Claim when Defendant knew or should

have known that liability was reasonably clear.

51.     Defendant's failure, as described above, to adequately and reasonably investigate and

evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known

by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a

breach of the duty of good faith and fair dealing.

52.     Defendant's conduct proximately caused Plaintiff injuries and damages.

## <u>VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT</u>

53.     Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. &

COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading

or deceptive acts and practices."

54.     Plaintiff is "consumer[s]" in that Plaintiff acquired goods and/or services by purchase, and

the goods and/or services form the basis of this action.

55.     The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

   a)      Represented that goods or services have sponsorship, approval, characteristics,
           ingredients, uses, benefits, or quantities which they do not have;

   b)      Represented that an agreement confers or involves rights, remedies, or obligations
           which it does not have or involve, or which are prohibited by law;

   c)      Failed to disclose information concerning goods or services which was known at
           the time of the transaction when such failure to disclose such information was
           intended to induce the consumer into a transaction into which the consumer would
           not have entered had the information been disclosed;

   d)      Generally engaged in unconscionable courses of action while handling the Claim;
           and/or

   e)      Violated the provisions of the Texas Insurance Code described herein.

56.     The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## COMMON LAW FRAUD

57.     Defendant is liable to Plaintiff for common law fraud.

58.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

59.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

60.     The Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits. The Defendant allowed Plaintiff to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment. Plaintiff relied upon said statements in accepting the denial and/or underpayment of the Claim and suffered injury as a result.

## DAMAGES

61.     Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of
Defendant's conduct.  Plaintiff respectfully request the Court and jury award the amount
of loss Plaintiff have incurred in the past and will incur in the future.  There are certain
elements of damages to be considered separately and individually for the purpose of
determining the sum of money that would fairly and reasonably compensate Plaintiff for
injuries, damages, and losses, incurred and to be incurred.  From the date of the occurrence
in question until the time of trial of this cause, Plaintiff seek every element of damage
allowed by Texas law with respect to the causes of action mentioned above, including but
not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-
judgment interest, consequential damages, court costs, attorneys' fees, treble damages,
statutory interest, and exemplary damages.

62.     Plaintiff would show that all the aforementioned acts, taken together or singularly,
constitute the producing causes of the damages sustained by Plaintiffs.

63.     The damages caused by hail and/or wind have not been properly addressed or repaired in
the months since the storm, causing further damages to the Property, and causing undue
hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's
mishandling of Plaintiff's claim in violation of the laws set forth above.

64.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the
amount of the claim, together with attorney's fees and pre-judgment interest.

65.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff
is entitled to actual damages, which include the loss of the benefits that should have been
paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing

conduct of the acts described above, Plaintiff ask for three times actual damages. TEX. INS. CODE §541.152.

66.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

67.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

68.     For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

69.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

70.     For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

71.     Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

72.     Plaintiff request a jury trial and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition*.

## REQUEST FOR DISCLOSURE

73.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1)  Judgment against Defendant for actual damages in an amount to be determined by the jury;

2)  Statutory benefits;

3)  Treble damages;

4)  Exemplary and punitive damages;

5)  Pre-judgment interest as provided by law;

6)  Post-judgment interest as provided by law;

7)  Attorneys' fees;

8)  Costs of suit;

9)  Such other and further relief to which Plaintiff may be justly entitled.

**[SIGNATURE PAGE FOLLOWS]**

Respectfully Submitted,


By: _____
     Shaun W. Hodge
     Texas Bar No. 24052995
     shodge@hodgefirm.com
     The Hodge Law Firm, PLLC
     Old Galveston Square Building
     2211 Strand, Suite 302
     Galveston, Texas 77550
     Telephone: (409) 762-5000
     Facsimile: (409) 763-2300

ATTORNEYS FOR PLAINTIFF

**EXHIBIT D - Page 16**

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ | COURT *(FOR CLERK USE ONLY):* _____ |

STYLED **J & V Enterprise v United Specialty Insurance Company**

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: **Jahan Guram**

Email: **jguram@hodgefirm.com**

Address: **2211 Strand St, Ste 302**

Telephone: **(409)-762-5000**

City/State/Zip: **Galveston, TX, 77550**

Fax: **(409)-763-2300**

Signature:

State Bar No: **24118917**

### Names of parties in case:

Plaintiff(s)/Petitioner(s):

**J & V Enterprise**

Defendant(s)/Respondent(s):

**United Specialty Insurance**

**Company**

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:

- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

### Civil

#### Contract

*Debt/Contract*
- [x] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

#### Injury or Damage
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

#### Real Property
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

#### Related to Criminal Matters
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

#### Employment
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

#### Other Civil
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

#### Marriage Relationship
- [ ] Annulment
- [ ] Declare Marriage Void
*Divorce*
- [ ] With Children
- [ ] No Children

#### Post-judgment Actions (non-Title IV-D)
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

#### Title IV-D
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

#### Other Family Law
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

#### Parent-Child Relationship
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

#### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health
*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [x] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case):*
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [x] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13

CITATION BY CERTIFIED MAIL / TRC 106

THE STATE OF TEXAS:          Cause No. **2020-0234-CIV**                    33021260

| | | |
|---|---|---|
| J & V ENTERPRISE<br>Plaintiff | § § § | IN THE DISTRICT COURT |
| VS | § § § | 63RD JUDICIAL DISTRICT |
| UNITED SPECIALTY INSURANCE COMPANY,<br>Defendant | § § § | VAL VERDE COUNTY, TEXAS |

TO: **UNITED SPECIALTY INSURANCE COMPANY, MAY BE SERVED WITH PROCESS BY SERVING ITS PRESIDENT, MR. MATTHEW FREEMAN, OR ANY OTHER PRESIDENT OR OFFICER OR AGENT AT ITS PRIMARY PLACE OF BUSINESS**, 550 Polaris Parkway, Suite 300, Westerville, Franklin County, Ohio 43082; Defendant-GREETINGS

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

You are hereby commanded to appear by filing a written answer to the Plaintiff's First Amended Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 63rd Judicial District Court of Val Verde County, at the Courthouse, 100 E. Broadway, **2nd Floor**, in said County in Del Rio, Texas. Said Plaintiff's First Amended Petition was filed in said court on the 3rd day of February, 2021 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's First Amended Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Del Rio, Texas this 9th day of February, 2021.

| | |
|---|---|
| Attorney for Plaintiff (or Plaintiff):<br>Shaun W. Hodge<br>THE HODGE LAW FIRM, PLLC<br>Old Galveston Square Building<br>2211 Strand, Suite 302<br>Galveston, Texas 77550 | Clerk of the Court:<br>**JO ANN CERVANTES, DISTRICT CLERK**<br>63rd & 83rd District Courts<br>Val Verde County, Texas<br>P.O. Box 1544, Del Rio, Texas 78841-1544<br><br>By _____<br>Deputy |

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the 3rd day of February, 2021 and executed the 9th day of February, 2021 by mailing the same to **UNITED SPECIALTY INSURANCE COMPANY**, Defendant, by certified mail, return receipt requested, at 4:15 o'clock P. M., a true copy of this citation with a copy of the petition attached thereto  CMRRR No. 7020 0640 0000 3628 9863.

Fees ........... $_____   .

**JO ANN CERVANTES, DISTRICT CLERK**
63rd & 83rd District Courts
Val Verde County, Texas
P.O. Box 1544, Del Rio, Texas 78841-1544

By _____
Deputy

[Attach return receipts with addressee's signature to reverse side]

CITATION (CERTIFIED MAIL) TRC 106

THE STATE OF TEXAS:        Cause No. **2020-0234-CIV**            33021260

| | | |
|---|---|---|
| J & V ENTERPRISE | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS | § | 63RD JUDICIAL DISTRICT |
| | § | |
| UNITED SPECIALTY INSURANCE COMPANY, | § | |
| Defendant | § | VAL VERDE COUNTY, TEXAS |
| | § | |

TO: **UNITED SPECIALTY INSURANCE COMPANY, MAY BE SERVED WITH PROCESS BY SERVING ITS PRESIDENT, MR. MATTHEW FREEMAN, OR ANY OTHER PRESIDENT OR OFFICER OR AGENT AT ITS PRIMARY PLACE OF BUSINESS,** 550 Polaris Parkway, Suite 300, Westerville, Franklin County, Ohio 43082; Defendant-GREETINGS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

You are hereby commanded to appear by filing a written answer to the Plaintiff's First Amended Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 63rd Judicial District Court of Val Verde County, at the Courthouse, 100 E. Broadway, **2nd Floor**, in said County in Del Rio, Texas. Said Plaintiff's First Amended Petition was filed in said court on the 3rd day of February, 2021 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's First Amended Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Del Rio, Texas this 9th day of February, 2021.

| | |
|---|---|
| Attorney for Plaintiff (or Plaintiff): | Clerk of the Court: |
| Shaun W. Hodge | **JO ANN CERVANTES, DISTRICT CLERK** |
| THE HODGE LAW FIRM, PLLC | 63rd & 83rd District Courts |
| Old Galveston Square Building | Val Verde County, Texas |
| 2211 Strand, Suite 302 | P.O. Box 1544, Del Rio, Texas 78841-1544 |
| Galveston, Texas 77550 | By _____ |
| | Deputy |

<u>CERTIFICATE OF DELIVERY BY CERTIFIED MAIL</u>

Came to hand on the 3rd day of February, 2021 and executed the 9th day of February, 2021 by mailing the same to **UNITED SPECIALTY INSURANCE COMPANY**, Defendant, by certified mail, return receipt requested, at 4:15 o'clock P. M., a true copy of this citation with a copy of the petition attached thereto  CMRRR No. 7020 0640 0000 3628 9863.

Fees ........... $_____

**JO ANN CERVANTES, DISTRICT CLERK**
63rd & 83rd District Courts
Val Verde County, Texas
P.O. Box 1544, Del Rio, Texas 78841-1544

By _____
Deputy

[Attach return receipts with addressee's signature to reverse side]

Filed 2/3/2021 12:30 PM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Mary J. Ross

## CAUSE NO. 2020-0234-CIV

| | | |
|---|---|---|
| **J & V ENTERPRISE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **63rd JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **UNITED SPECIALTY INSURANCE** | § | |
| **COMPANY** | § | **VAL VERDE COUNTY, TEXAS** |
| *Defendant* | | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, J & V ENTERPRISE. (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's First Amended Petition,* complaining of UNITED SPECIALTY INSURANCE COMPANY ("Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

## DISCOVERY CONTROL PLAN

1.    Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

## PARTIES

2.    Plaintiff, J & V ENTERPRISES., is a domestic limited liability company based in Smith County, Texas.

3.    Defendant, UNITED SPECIALTY INSURANCE COMPANY, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of

insurance in the State of Texas. Defendant may be served with process by serving its President, Mr. Matthew Freeman, or any other Director or Officer or Agent at its primary place of business, 550 Polaris Parkway, Suite 300, Westerville, Ohio 43082.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $250,000.00, but less than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

5. The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6. Venue is proper in Val Verde County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7. Plaintiff is the owner of Texas insurance policy USA4265825 (hereinafter the "Policy"), which was issued by Defendant.

8. Plaintiff own the insured property, which is specifically located at 301 Margaret Lane, Del Rio, Texas (hereinafter the "Property").

9. Defendant sold the Policy insuring the Property to Plaintiff.

10. On or about April 11th, 2020, a wind/hailstorm caused extensive damage to the insured Property.

11. Plaintiff submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the storm event. Upon information and belief, Defendant assigned number 33-021260 to the claim.

12. Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13. Defendant inspected the property and issued an insufficient payment in the amount of $13,468.73 to Plaintiff for the damages.

14. On August 12, 2020, Defendant requested an opportunity to re-inspect the Property. Said request was granted and the re-inspection took place on September 28, 2020.

15. Based upon this investigation and reinspection of the property, Defendant admitted liability for an additional $68,548.63 worth of damage and rendered a check for the aforementioned amount.

16. Defendant, on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

17. Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff have yet to receive the full payment to which they are entitled under the Policy.

18. As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Defendant underpaid some of Plaintiff's claims by not

providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

19.  To date, Defendant continues to delay in the payment for the damages to the property. As such, Plaintiff have not been paid in full for the damages to the Property.

20.  Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

21.  Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

22.  Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

23.  Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any

or adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

25.     Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

26.     Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27.     Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a

violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.056.

28.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.   Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.058.

29.     From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.   However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.   Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

31.     As a result of Defendant's wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

32.    Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

33.    The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

34.    Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

35.    Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

36.    The Defendant's breach proximately caused Plaintiff's injuries and damages.

37.    All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

38.    Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

39.    Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

40. Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

41. Defendant's unfair settlement practices, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

42. Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

43. Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

44. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

45.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice.  The Defendant is liable for the Claim.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

46.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

47.     Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

48.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

49.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50.    The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

51.    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

52.    Defendant's conduct proximately caused Plaintiff injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

53.    Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

54.    Plaintiff is "consumer[s]" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

55.    The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

   a)    Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b)    Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   c)    Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

   d)    Generally engaged in unconscionable courses of action while handling the Claim; and/or

   e)    Violated the provisions of the Texas Insurance Code described herein.

56.  The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff detriment.  The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration.  As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages.  In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## COMMON LAW FRAUD

57.  Defendant is liable to Plaintiff for common law fraud.

58.  Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

59.  The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

60.  The Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits.  The Defendant allowed Plaintiff to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment.  Plaintiff relied upon said statements in accepting the denial and/or underpayment of the Claim and suffered injury as a result.

## DAMAGES

61. Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct. Plaintiff respectfully request the Court and jury award the amount of loss Plaintiff have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

62. Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

63. The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

64. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

65. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing

conduct of the acts described above, Plaintiff ask for three times actual damages. TEX. INS. CODE §541.152.

66. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

67. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

68. For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

69. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

70. For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

71. Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

72.   Plaintiff request a jury trial and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition*.

## REQUEST FOR DISCLOSURE

73.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.

## [SIGNATURE PAGE FOLLOWS]

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
shodge@hodgefirm.com
The Hodge Law Firm, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

ATTORNEYS FOR PLAINTIFF

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED  J & V Enterprise v United Specialty Insurance Company

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name: Jahan Guram | Email: jguram@hodgefirm.com | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| Address: 2211 Strand St, Ste 302 | Telephone: (409)-762-5000 | Plaintiff(s)/Petitioner(s): J & V Enterprise | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| City/State/Zip: Galveston, TX, 77550 | Fax: (409)-763-2300 | Defendant(s)/Respondent(s): United Specialty Insurance Company | Additional Parties in Child Support Case:<br>Custodial Parent:<br>Non-Custodial Parent: |
| Signature: | State Bar No: 24118917 | *[Attach additional page as necessary to list all parties]* | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

**Civil**

| Contract | Injury or Damage | Real Property |
|---|---|---|
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional<br>    Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>    List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: |

| | | **Related to Criminal Matters** |
|---|---|---|
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: |

| Employment | Other Civil | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

**Family Law**

| Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|
| ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |

| | Title IV-D |
|---|---|
| | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |

| Other Family Law | Parent-Child Relationship |
|---|---|
| ☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: | ☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child: |

| Tax | Probate & Mental Health |
|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>  ☐ Dependent Administration<br>  ☐ Independent Administration<br>  ☐ Other Estate Proceedings<br><br>☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☒ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

Case 2:21-cv-00009-AM-VRG   Document 1-4   Filed 03/11/21   Page 35 of 36

EXHIBIT D - Page 35

Filed 3/5/2021 3:33 PM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Mary J. Ross

## CAUSE NO. 2020-0234-CIV

| | | |
|---|---|---|
| **J & V ENTERPRISE,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **VAL VERDE COUNTY, TEXAS** |
| | § | |
| **UNITED SPECIALTY INSURANCE** | § | |
| **COMPANY** | § | |
| | § | |
| *Defendant*. | § | **63RD JUDICIAL DISTRICT** |

## DEFENDANT STAR INSURANCE COMPANY'S
## ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Star Insurance Company (incorrectly named as United Specialty Insurance Company), Defendant in the above-entitled and numbered cause, and files this, its Original Answer to Plaintiff's First Amended Petition, and respectfully states as follows:

### I.
### GENERAL DENIAL

Star Insurance Company generally denies each and every allegation, both singular and plural, averred in Plaintiff's First Amended Petition and every amendment or supplement thereto, and demands strict proof thereof by a preponderance of evidence pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Star Insurance Company, prays that upon final hearing hereon, Plaintiff take nothing, and that this Defendant be discharged hence without day, to recover all costs expended on its behalf, and for such other and further relief,

both general and special, both at law and in equity, to which Defendant, Star Insurance Company, may show itself justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:    */s/ Robert J. Witmeyer*
        **R. BRENT COOPER**
        Texas State Bar No. 04783250
        Email:  Brent.Cooper@cooperscully.com
        **ROBERT J. WITMEYER**
        Texas Bar No. 24091174
        Email:  Rob.Witmeyer@cooperscully.com

        Founders Square
        900 Jackson, Suite 100
        Dallas, TX 75202
        (214) 712-9500
        (214) 712-9540 (fax)

        **ATTORNEYS FOR DEFENDANT,**
        **STAR INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2021, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service:

Shaun W. Hodge
shodge@hodgefirm.com
**THE HODGE LAW FIRM, PLLC**
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
(409) 762-5000 Telephone
(409) 763-2300 Facsimile

*/s/ Robert J. Witmeyer*
**ROBERT J. WITMEYER**